IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE JUSTIN WILLIAMS and | § | |
| REBEKAH WILLIAMS a/n/f M.L.W., | § | CIVIL ACTION NO. 4:23-cv-00292-O |
| | § | |
| Petitioners. | § | |

## ORDER

Petitioners Justin and Rebekah Williams, as next friends of M.L.W. ("Petitioners"), instituted a pre-suit action in Texas state court pursuant to the Texas Rule of Civil Procedure 202. Rule 202 permits a party to obtain discovery as an investigatory tool in advance of a lawsuit. Pursuant to this provision, Petitioners seek authorization from a Texas judge to take the depositions of public school officials Codi Van Duzee, Carl Lewis, Julie Anderson, Dr. Greg Cartwright, and Dr. Michael Hill (the "Deponents") related to their treatment of M.L.W. Deponents removed this matter, asserting federal question jurisdiction exists because Petitioners intend to investigate whether Deponents violated federal law, among other potential violations.

The Court has *sua sponte* reviewed the basis for subject matter jurisdiction, and, for the reasons set forth below, finds this case should be **REMANDED** because Deponents fail to meet their burden to establish federal jurisdiction.

### I. Legal Authority

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This is referred to as "federal question" or "arising under" jurisdiction. The party seeking to remove a case from state court to federal court bears the burden of proving that federal subject matter jurisdiction exists. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991); *see also*, *Manguno v. Prudential Prop. and*

1

*Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723; *see also, Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). A case presents federal question jurisdiction only if a federal claim appears on the face of the plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

**II. Discussion**

In this case, Petitioners have instituted a pre-suit action in Texas state court pursuant to Texas Civil Rules of Procedure 202. Rule 202 allows a party to petition a state court to permit them to obtain depositions in order to investigate potential claims. *See Texas v. Real Parties In Int.*, 259 F.3d 387, 390 n.5 (5th Cir. 2001). Petitioners outline a number of potential factual matters they intend to investigate using Rule 202, but pertinent to federal subject matter jurisdiction is their assertion that they intend to investigate whether "the school staff violated Title IX."[1] Deponents contend this provides federal question jurisdiction.

The Court is not convinced that Deponents have established federal question jurisdiction. First, removal under 28 U.S.C. § 1331 is proper only when a plaintiff's action arises under the laws of the United States. Here, Petitioners state court proceeding arises under a unique state court procedural mechanism. In that proceeding, Petitioners seek to use state law to permit them to investigate potential claims. Whether Petitioners ever assert a claim that arises under the laws of the United States, or any law, is speculative at this point. *See Texas v. Real Parties In Int.*, 259

---

[1] Petitioners' Verified Petition to Take Depositions to Investigate a Potential Claim or Suit ¶ 17, ECF No. 1-1 at 22.

2

F.3d at 394-395 (Rule 202 is "only an investigatory tool" and the parties "can only speculate as to the eventual outcome of the probe."). Accordingly, Petitioners have not asserted a claim that arises under federal law by utilizing Texas law to investigate potential claims.

Further, 28 U.S.C. §1441 permits only a defendant to remove a case. There is no obvious defendant in this lawsuit, if there is one at all. And Deponents make no effort to explain how they are defendants and entitled to remove this proceeding.

And finally, while district courts within Texas are not uniform on their treatment of this legal issue, the "majority of Texas courts that have considered whether a Rule 202 proceeding is removable have held that it is not." *See In re Enable Com., Inc.*, 256 F.R.D. 527, 530 (N.D. Tex. 2009). And the Fifth Circuit has yet to address the issue. *Id*. The unsettled nature of this legal issue illustrates that there is doubt about federal jurisdiction, such that remand is appropriate. *Manguno*, 276 F.3d at 723.

### III. Conclusion

Based on the foregoing, Deponents have failed to carry their burden to establish federal jurisdiction over this matter. *See Stafford*, 945 F.2d at 804–5 (the party seeking to remove case bears the burden of proving federal subject matter jurisdiction exists). Accordingly, because this Court lacks jurisdiction, the case is **REMANDED** to the 96th Judicial District Court of Tarrant County, Texas. The Clerk of Court is **DIRECTED** to mail a certified copy of this Order to the appropriate clerk. Final Judgment shall issue.

**SO ORDERED** on this **24th day** of **March, 2023.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE